J-S34005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK S. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 115 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 8, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001269-2019

BEFORE: PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED: AUGUST 31, 2020**

Appellant, Derrick S. Williams, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas on August 8, 2019, following his guilty plea to possession with intent to deliver ("PWID"). Additionally, Williams' court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel permission to withdraw.

In March of 2019, Williams was charged with various controlled substance offenses alleged to have occurred between March 12, 2019 and March 25, 2019. On May 10, 2019, a criminal information was filed which included five counts of PWID, and one count of use or possession of drug paraphernalia.

The Commonwealth and Williams entered a plea agreement whereby Williams would plead guilty to two counts of PWID. In accordance with the plea agreement, the Commonwealth agreed to withdraw the remaining charges. Of relevance to this appeal, the plea agreement noted that the parties had not made any agreement about sentencing. However, the plea agreement did outline the aggregate maximum sentence that Williams could face, which was twenty years.

At the guilty plea hearing, after administering an oral colloquy to Williams,[1] the trial court accepted the guilty plea.

On August 8, 2019, at the sentencing hearing, defense counsel requested concurrent standard range sentences of twenty-one to twenty-seven months' incarceration. *See* N.T., Sentencing, 8/8/2019, at 2. Counsel based her recommendation on the fact that Williams had a baby due in December of that year, and that he is very close to his "elderly" mother. *Id.* at 3. Williams stated that jail was not helping him overcome his drug addiction and expressed his desire for a sentence of rehabilitation. *See id.* The

---

[1] As part of the oral colloquy, Williams acknowledged that he reviewed the plea agreement with his attorney, that he understood the rights he was waiving, that he understood the plea agreement, and that he wished to plead guilty in accordance with such agreement. *See* N.T., Guilty Plea, 5/31/2019, at 4-6. He further acknowledged that he understood the statutory maximum penalties involved, and that no one was forcing, threatening, or promising him anything in exchange for his plea. **See id.**

Commonwealth did not enter a recommendation regarding sentence on the record, instead leaving the sentence to the court's discretion.

Prior to the court imposing sentence, Williams entered an oral motion to withdraw his guilty plea on the basis that he did not know it was an open plea. *See id.* at 5. In denying the motion, the trial court indicated that both the written plea agreement that he signed, as well as the oral colloquy during the guilty plea hearing, indicated that there was no agreement as to the length or type of sentence to be imposed. *See id.*

The court subsequently sentenced Williams to an aggregate term of forty-eight to ninety-six months' incarceration, to be served consecutive to any previously imposed sentence.

Williams filed a timely post-sentence motion. The trial court denied the motion.

On January 8, 2020, counsel filed a timely notice of appeal. Counsel then filed a timely concise statement, which informed the court of counsel's intent to file an *Anders* brief.

Counsel subsequently filed an *Anders* brief raising the following issue:

Whether the trial court abused its discretion and impose[d] an unduly harsh sentence when it imposed a sentence of total confinement of an aggregate term of 48 months to 96 months which resulted from running two (2) cases consecutive to one another?

*Anders* Brief, at 2.

We turn first to counsel's petition to withdraw. To withdraw pursuant to *Anders*, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

An *Anders* brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

- 4 -

We find counsel has complied with the preliminary requirements set forth in **Anders**. Counsel filed a petition to withdraw, certifying she has reviewed the case and determined that Williams' appeal is frivolous. Further, counsel attached to her petition a copy of her letter to Williams advising him of his rights. Although the letter does not explicitly state Williams has a right to proceed *pro se*, counsel does instruct Williams' that he may file his own brief raising any issues he deems have merit. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Williams, and her assessment of why those issues are meritless, with citations to relevant legal authority. Counsel has thus complied with the requirements of **Anders**. Williams did not file a response. We may proceed to review the issues outlined in the **Anders** brief.

The only issue in the **Anders** brief presents a challenge to the discretionary aspects of Williams' sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

- 5 -

question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Williams preserved his issue through a timely post-sentence motion for reconsideration of sentence, and filed a timely appeal. However, counsel has failed to include a Pa.R.A.P. 2119(f) statement. "Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

In his post-sentence motion, Williams requested the court reconsider or vacate his sentence, arguing the court erred in not considering a mitigated sentence; in not considering a less harsh sentence under the circumstances; in not considering that the Commonwealth did not oppose concurrent sentences;[2] in not considering that his actions were the result of his addiction to drugs and accordingly a treatment program would be more appropriate than incarceration; and in not considering that his mother has multiple health

---

[2] At the guilty plea hearing, the Commonwealth stated that it had no objection to concurrent sentences for the charges. *See* N.T., Guilty Plea, 5/31/2019, at 2-3. However, the Commonwealth did not renew this statement at sentencing, and in fact specifically stated that it was leaving the sentencing decision to the court's discretion. *See* N.T., Sentencing, 8/8/2019, at 3.

problems and that he had a child due soon. These claims do not raise a substantial question. **See**, **e.g.**, **Commonwealth v. Moury**, 992 A.2d 162, 175 (Pa. Super. 2010).

Even if Williams raised a substantial question, the issue is not meritorious. Williams' sentence is not clearly unreasonable. The court considered a pre-sentence report and sentenced Williams within the standard sentencing range. Moreover, the court explained its reasons for its sentence on the record, as follows:

> The [court has] reviewed the presentence report and what's been offered today. I am concerned because it appears the Defendant has, I believe, three prior convictions for drug trafficking type offenses in addition to what's before the Court today. It seems that there's more involved here than what he indicates is some issue with the use of drugs. What is the problem is he's -- the Defendant is selling the drugs, and he's been doing that going back a number of years and has -- was actually, I believe, out on parole at the time of these offenses. So unfortunately the Defendant does not seem to be learning from past transgressions and just continues to sell and deal drugs in the community. In these cases it's cocaine which, again, is a very harmful substance and dangerous substance.
>
> The Court does feel that the Defendant is in need of a substantial period of incarceration to hopefully try once again to correct and reform his ways and give him an ability to avail himself of programs in a structured setting.
>
> …
>
> Again, I don't want to diminish the serious nature of the offense by the sentence that I'm about to impose. I will therefore impose a sentence within the standard range of the applicable guidelines.
>
> …

> The Court has taken all matters into consideration in the PSI and what's been offered and feels that the sentence is appropriate under the circumstances. I have sentenced within the standard ranges of the applicable sentencing guidelines.

N.T., Sentencing, 8/8/2019, at 4-5, 7. Finally, the plea agreement specifically did not bind the trial court to any particular sentence. Therefore, it was in the trial court's discretion to determine the length of the sentence and whether to run the sentences concurrently or consecutively.

In as much as Williams is claiming the court did not consider certain mitigating evidence, this is belied by the record. The information regarding Williams' mother and soon to be born child was entered on the record prior to sentencing. In addition, the trial court reviewed a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992).

Williams' challenge to the discretionary aspects of his sentence is meritless. Our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal.[3]

We affirm Williams' judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2020

---

[3] As Williams failed to renew the issue regarding withdrawal of his guilty plea in his post-sentence motion, we find the matter waived. Nevertheless, even if we were to review the issue, we would find it without merit. Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. *See Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). Consequently, defendants are bound by statements they make at their guilty plea colloquy and may not successfully assert any claims that contradict those statements. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). In light of the fact that Williams fully and willingly agreed to both the written plea agreement as well as the oral plea colloquy, both of which specified that there was *no* agreement made as to sentencing, we find his claim of not knowing the plea was open is contradicted by the record and therefore frivolous.